# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RUSH UNIVERSITY MEDICAL CENTER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 17 C 6043 |
| DRAEGER, INC., | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Draeger, Inc.'s (Draeger) motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

In 2011, Plaintiff Rush University Medical Center (Rush) allegedly entered into an agreement with Draeger to purchase a patient monitoring system (Draeger System). The parties allegedly memorialized their agreement in a Product Purchase Agreement (Purchase Agreement) and a Service Agreement (Service Agreement). Rush claims that the Draeger System failed to perform as promised by Draeger. According to Rush, as the Draeger System went live, Rush experienced serious problems with wire-to-wireless monitoring. Rush contends that such technical issues

1

created a major safety hazard because unless a nurse happened to be in a patient's room when the system in that room went offline, the patient was left completely unmonitored. Rush claims that its technical staff needed to expend hundreds of hours to try and remedy the problems with the Draeger System, and Rush needed to deploy additional nurses to ensure that patients were properly monitored. Rush contends that the Draeger System also had other problems, such as failing to provide proper alarms, providing false alarms, and inaccurately monitoring patients' health status. Rush further asserts that some of the physical components used by Draeger continually failed, endangering patients at critical times because the components were fragile and not suitable for their intended use.

In 2015, Draeger allegedly implemented a major system software upgrade to a program. The upgrade allegedly took three months to implement and was enormously disruptive to Rush's operations. Rush also contends that certain patient event log data was erased on the Draeger System. Rush contends that Draeger failed to disclose problems with the Draeger System in a timely fashion. In 2016, Rush allegedly decided that it had no choice but to replace the Draeger System. Rush included in its complaint a breach of contract claim (Count I), an unjust enrichment claim (Count II), a fraudulent inducement claim (Count III), and a claim brought under the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS § 505/1 *et seq.* (Count IV). Draeger now moves to dismiss the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

Draeger argues that Rush's claims are time-barred and that Rush has failed to allege sufficient facts to state a valid claim.

I. Time-Barred Claims

Draeger contends that Rush's claims are time-barred.

3

A. Breach of Contract Claim

Draeger argues that the breach of contract claim is untimely. Under Illinois law, the statute of limitations period is four years for breach of contract claims based on contracts involving a transaction in goods and covered by Section 2-725 of the Uniform Commercial Code. *John Heiman & JTE, Inc. v. Bimbo Foods Bakeries Distribution Co.*, 2017 WL 4682732, at *3 (N.D. Ill. 2017). Draeger contends that according to Rush, the Draeger System went live in January 2012, and Rush immediately began having problems with the system. Draeger argues that the statute of limitations for the breach of contract claim began to run in January 2012, and that the complaint filed in August 2017, was untimely. Draeger argues that even if the 90-day warranty period for the Draeger System is deemed to have delayed the limitations period from running, the breach of contract claim is untimely.

Rush argues that the breach of contract claim is timely because goods were extended to Rush in separate deliveries that occurred between 2012 and 2016. Based on the allegations in the complaint, it cannot be determined whether any new deliveries after January 2012 were such that they would create new claims and/or trigger the running of a new statute of limitations period. It is generally premature to present a statute of limitations defense in a motion to dismiss, and in this case Rush has not pled allegations that establish on their face that the breach of contract claim is untimely. *See Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017)(stating that "[a] limitations defense is not often resolved on a Rule

12(b)(6) motion because 'a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations'" but that "dismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy")(quoting in part *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). The determination of whether the breach of contract claim was timely involves an assessment of evidence that is outside of the pleadings. Thus, it is premature at the pleadings stage to find the breach of contract claim untimely.

### B. Unjust Enrichment and Fraud Claims

Draeger argues that the unjust enrichment and fraud claims are untimely. Under Illinois law, the statute of limitations for unjust enrichment and fraud claims is five years. 735 ILCS 5/13-205; *In re Collazo*, 817 F.3d 1047, 1050 (7th Cir. 2016); *Mann v. Thomas Place, L.P.*, 976 N.E.2d 554, 557 (Ill. App. Ct. 2012). Under the discovery rule, a statute of limitations period does not begin to run until "the plaintiff knew, or reasonably should have known, that he has been injured and that his injury was wrongfully caused." *John Heiman*, 2017 WL 4682732, at *5. Draeger contends that Rush pled in its complaint that it immediately began having problems with the Draeger System in January 2012. Such allegations, however, are not sufficient on their face to establish when Rush should have known that Draeger had been unjustly enriched or that Rush was injured. The mere fact that Rush

encountered some problems with the Draeger System does not necessarily mean that Rush was aware of being injured for the purposes of the statute of limitations issue. Based on the facts in this case, the precise determination of when Rush knew or should have known that it had been injured involves an assessment of evidence beyond the pleadings. Thus, the statute of limitations arguments as to the unjust enrichment and fraud claims are premature.

### C. ICFA Claim

Draeger argues that the ICFA claim is untimely. Under Illinois law, the statute of limitations for an ICFA claim is three years. *Blankenship v. Pushpin Holdings, LLC*, 157 F. Supp. 3d 788, 792 (N.D. Ill. 2016). As indicated above, under the discovery rule, based on the facts in this case, the precise determination of when Rush knew or should have known that it had been injured involves an assessment of evidence beyond the pleadings. Thus, the statute of limitations argument as to the ICFA claim is premature.

## II. Sufficiency of Allegations

Draeger argues that even if Rush's claims were timely, Rush has failed to allege sufficient facts to state a valid claim.

### A. Breach of Contract Claim

Draeger contends that Rush has failed to allege sufficient facts regarding a breach of contract claim. Draeger argues that Rush has failed to specifically allege facts explaining in detail how it performed its own contractual obligations. Draeger relies upon Illinois state law to support its argument. (Mem. Dis. 10-11). In this case, however, the federal pleading standard applies rather than the Illinois pleading standard. Rush has alleged sufficient facts in its complaint to suggest that it met its own contractual obligations, stating, for example, that it paid Draeger over $18 million for the Draeger System. (Compl. Par. 2, 43). Therefore, the motion to dismiss the breach of contract claim is denied.

B. Unjust Enrichment Claim

Draeger argues that Rush cannot pursue an unjust enrichment claim because Rush alleges that there was a written contract governing its relationship with Draeger. Under Illinois law, "[w]here there is an express contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Martis v. Pekin Mem'l Hosp. Inc.*, 952, 917 N.E.2d 598, 606 (Ill. App. Ct. 2009). Rush pleads in its complaint that its relationship with Draeger was governed by the Purchase Agreement and Service Agreement. Rush argues, however, that it can plead the unjust enrichment claim in the alterative in case the written agreements are found to be invalid. Since the court has not yet assessed the validity of any written agreement, Rush can plead the unjust enrichment claim in the alternative.

Therefore, Draeger's motion to dismiss the unjust enrichment claim is denied.

### C. Fraud Claim

Draeger argues that the fraud claim is barred based on the integration clause in the Purchase Agreement (Integration Clause). Under Illinois law, a plaintiff bringing a fraud claim must establish: (1) that there was "a false statement of material fact," (2) that the defendant knew "the statement was false," (3) that the defendant intended "that the statement induce the plaintiff to act," (4) that the plaintiff relied "upon the truth of the statement," and (5) that the plaintiff suffered damages as a result of "the reliance on the statement." *Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783-84 (7th Cir. 2014)(internal quotations omitted)(quoting in part *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007)).

The Integration Clause allegedly provided, in part, the following:

> **Entire Agreement; Counterparts**. This Agreement constitutes the entire agreement between [Rush] and Seller. Any agreements, promises, negotiations, or representations not expressly set forth in this Agreement are of no force or effect. . . .

(Compl. Ex. A). Draeger argues that Rush could not have relied upon any oral statements made to it by Draeger because of the Integration Clause. Under Illinois law, "an integration clause does not bar a claim of fraud based on statements not contained in the contract." *Vigortone AG Prod., Inc. v. PM AG Prod., Inc.*, 316 F.3d 641, 644 (7th Cir. 2002)(explaining that "an integration clause prevents a party to

8

contract from basing a claim of breach of contract on agreements or understandings, whether oral or written, that the parties had reached during the negotiations that eventuated in the signing of a contract but that they had not written into the contract itself" and that to prevent fraud suits, contractual parties may "insert a 'no-reliance' clause into their contract, stating that neither party has relied on any representations made by the other"). In the instant action, the Integration Clause merely assures the parties that there are no other agreements governing their contractual relationship that would supersede the written document. As Rush points out, the Integration Clause is not a "non-reliance clause" specifying that Rush agreed that it had not and would not rely upon any extraneous statements made by Draeger. Thus, the fraud claim is not barred by the Integration Clause and the motion to dismiss the fraud claim is denied.

### D. ICFA Claim

Draeger argues that Rush has not pled sufficient facts to state a valid ICFA claim. A plaintiff bringing an ICFA claim must establish: "(1) a deceptive act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) the plaintiff suffered actual damage; and (5) the damage was proximately caused by the deception." *Geschke v. Air Force Ass'n*, 425 F.3d 337, 345 (7th Cir. 2005). Draeger argues that Rush could not have relied on any

9

statements outside of the written agreements based upon the Integration Clause. However, as explained above, the Integration Clause does not prevent Rush from claiming reliance and Draeger has not pointed to any "non-reliance" clause in the written agreements between the parties.

Draeger also argues that Rush is not a consumer protected by the ICFA. The goal of the ICFA is to protect Illinois consumers and thus, "[a] non-consumer plaintiff suing under the [ICFA] must prove that there is a nexus between the alleged fraud and consumer injury." *GC2 Inc. v. Int'l Game Tech. PLC*, 255 F. Supp. 3d 812, 823 (N.D. Ill. 2017). Draeger argues that the alleged fraud in this action involved dealings between two businesses and not consumers. Rush argues that in regard to the Draeger System, it acted as a consumer of services. Under Illinois law, a business entity can be deemed a consumer in the ICFA context. *Law Offices of William J. Stogsdill v. Cragin Fed. Bank for Sav.*, 645 N.E.2d 564, 566-67 (Ill. App. Ct. 1995). Draeger cites to *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 546 N.E.2d 33 (Ill. App. Ct. 1989) in support of its argument that Rush is not protected by the ICFA. However, in *Downers*, the plaintiff business entity was a competitor of the defendant business entity bringing claims relating to alleged statements to consumers by the defendant as to the plaintiff's services. In the instant action, Rush is not seeking to sue a competitor and Rush purchased services from Draeger. Rush thus acted as a consumer in this case. Under Illinois law, "[t]he fact that both parties to the transaction are business entities does not render the [ICFA]

inapplicable." *Law Offices of William J. Stogsdill*, 645 N.E.2d at 566-67.

Therefore, the motion to dismiss the ICFA claim is denied.

## CONCLUSION

Based on the foregoing analysis, Draeger's motion to dismiss is denied.

                                                    _____
                                                    Samuel Der-Yeghiayan
                                                    United States District Court Judge

Dated: November 16, 2017